# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TEDDY LEROY WILSON, JR., CDC #–78443,<br><br>                              Plaintiff,<br>vs.<br>ISMAEL, et al.,<br><br>                              Defendants. | Civil No.   06-2420 WQH (BLM)<br><br>**ORDER SUA SPONTE DISMISSING FIRST AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii) AND § 1915A(b)(1)** |

## I.     Procedural History

On November 1, 2006, Plaintiff, a state inmate currently incarcerated at the California Rehabilitation Center in Norco, California, and proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. In his original Complaint, Plaintiff alleged that his parole agents violated his "rights of privacy" and used excessive force during his arrest. *See* Compl. at 2, 5. Plaintiff sought injunctive relief, as well as compensatory and punitive damages. *Id.* at 7.

On February 12, 2007, this Court granted Plaintiff's Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) but simultaneously dismissed his Complaint for failing to state a claim upon which relief could be granted. *See* Feb. 12, 2007 Order at 7-8. On April 3, 2007, Plaintiff filed his First Amended Complaint ("FAC") [Doc. No. 11].

////

**I.      Sua Sponte Screening per 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)**

As the Court stated in its previous Order, the Prison Litigation Reform Act ("PLRA") obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these provisions, the Court must sua sponte dismiss any IFP or prisoner complaint, or any portion thereof, which is frivolous, malicious, fails to state a claim, or which seeks damages from defendants who are immune. *See* 28 U.S.C. § 1915(e)(2)(B) and § 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an *in forma pauperis* complaint that fails to state a claim); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (§ 1915A).

Before amendment by the PLRA, the former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1126, 1130. An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). However, 28 U.S.C. § 1915(e)(2) and § 1915A now mandate that the court reviewing an IFP or prisoner's suit make and rule on its own motion to dismiss before effecting service of the Complaint by the U.S. Marshal pursuant to FED.R.CIV.P. 4(c)(2). *See Lopez*, 203 F.3d at 1127; *see also McGore v. Wrigglesworth*, 114 F.3d 601, 604-05 (6th Cir. 1997) (stating that sua sponte screening pursuant to § 1915 should occur "before service of process is made on the opposing parties"); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (discussing 28 U.S.C. § 1915A).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"); *Andrews*, 398 F.3d at 1121. In addition, the Court has a duty to liberally construe a pro se's pleadings, *see Karim-*

*Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988), which is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). In giving liberal interpretation to a pro se civil rights complaint, however, the court may not "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

### A.  Equal Protection claims

In his First Amended Complaint, Plaintiff claims that he was denied equal protection under the law when he was arrested by Defendants. (FAC at 1-2.) Equal protection claims arise when a charge is made that similarly situated individuals are treated differently without a rational relationship to a legitimate state purpose. *See San Antonio School District v. Rodriguez*, 411 U.S. 1 (1972). In order to state a constitutional claim based on a violation of the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must show that the defendant acted with intentional discrimination against plaintiff or against a class of inmates which included plaintiff. *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (plaintiff alleging violation of equal protection must allege membership in a protected class); *Reese v. Jefferson Sch. Dist. No. 14J*, 208 F.3d 736, 740 (9th Cir.2000); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). "A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." *Id.* Plaintiff must allege Defendants acted with an intent or purpose to discriminate against him based on his membership in a protected class. *See Barren*, 152 F.3d at 1194. In its current form, Plaintiff's First Amended Complaint falls short of these necessary pleading requirements, and thus, it must be dismissed for failing to state a claim upon which relief can be granted. *See Lopez*, 203 F.3d at 1126-27; *Resnick*, 213 F.3d at 446.

### B.  Excessive Force Claims

Second, to the extent that a liberal construction of Plaintiff's First Amended Complaint indicates that Plaintiff also wishes to assert an excessive force claim, the Court will consider Plaintiff's pre-custody excessive force claims to arise under the Fourth, rather than the Eighth Amendment. "[A]ll claims that law enforcement officers have used excessive force . . . in the

course of an arrest . . . should be analyzed under the Fourth Amendment and its 'reasonableness' standard." *Graham v. Connor*, 490 U.S. 386, 395 (1989); *Forrester v. City of San Diego*, 25 F.3d 804, 806 (9th Cir. 1994). The Fourth Amendment prohibition against unreasonable seizures permits law enforcement officers to use only such force as is "objectively reasonable," i.e. only that amount necessary to effect the arrest under the circumstances. *Graham*, 490 U.S. at 397; *see also Chew v. Gates*, 27 F.3d 1432, 1440-41 (9th Cir. 1994). Thus, because the Fourth Amendment test for reasonableness is inherently fact-specific, *see Chew*, 27 F.3d at 1443 (citing *Reed v. Hoy*, 909 F.2d 324, 330 (9th Cir. 1989), it is a test that escapes "mechanical application" and "requires careful attention to the facts and circumstances of each particular case." *Graham*, 490 U.S. at 396; *Headwaters Forest Defense v. County of Humbolt*, 211 F.3d 1121, 1133 (9th Cir. 2000).

Consequently, in order to state a Fourth Amendment claim of excessive force under 42 U.S.C. § 1983 the plaintiff must allege facts which show that a person acting "under color of state law" violated the plaintiff's Fourth Amendment rights by effecting an arrest using force which was excessive given: "(1) the severity of the crime at issue, (2) whether the suspect pose[d] an immediate threat to the safety of the officers or others, . . . (3) whether he [was] actively resisting arrest or attempting to evade arrest by flight," and any other "exigent circumstances [that] existed at the time of the arrest." *Chew*, 27 F.3d at 1440-41 & n.5 (citing *Graham*, 490 U.S. at 396).

Here, Plaintiff's First Amended Complaint fails to state an excessive force claim under the Fourth Amendment because it fails to allege any facts which might support a finding that Defendants' use of force in effecting Plaintiff's arrest was objectively unreasonable under the circumstances. The only "use of force" alleged by Plaintiff appears to be when the Defendants handcuffed Plaintiff. (FAC at 6-7.) Without more, Plaintiff has failed to allege facts sufficient to demonstrate that the officers' actions were objectively unreasonable under the circumstances.

Thus, for all these reasons, Plaintiff's First Amended Complaint must be dismissed sua sponte for failing to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); § 1915A(b)(1); *Lopez*, 203 F.3d at 1127

### III.  Conclusion and Order

Plaintiff's First Amended Complaint is **DISMISSED** without prejudice for failing to state a claim upon which relief may be granted and for seeking monetary damages against Defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b). However, Plaintiff is **GRANTED** forty five (45) days leave from the date this Order is "Filed" in which to file an Amended Complaint which cures all the deficiencies of pleading noted above. Plaintiff's Amended Complaint must be complete in itself without reference to the superseded pleading. *See* S. D. CAL. CIVLR. 15.1. Defendants not named and all claims not re-alleged in the Second Amended Complaint will be deemed to have been waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Further, if Plaintiff's Amended Complaint still fails to state a claim upon which relief may be granted, it may be dismissed without further leave to amend and may hereafter be counted as a "strike" under 28 U.S.C. § 1915(g). *See McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996).

**IT IS SO ORDERED.**

DATED: May 1, 2007

**WILLIAM Q. HAYES**
United States District Judge