1

2

3

4

5

6

7

8         **UNITED STATES DISTRICT COURT**

9         **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   TEDDY LEROY WILSON, Jr.                    Civil No.    06-2420 WQH (BLM)
     CDCR #–78443,
12
                                  Plaintiff,
13                                                **ORDER DENYING PLAINTIFF'S**
                                                  **EX PARTE MOTION FOR**
14              vs.                               **APPOINTMENT OF COUNSEL**
                                                  **PURSUANT TO**
15   ISMAEL BRIZYELA, El Cajon Parole             **28 U.S.C. § 1915(e)(1)**
     Agent; HECTOR RUBIO, El Cajon Parole
16   Agent; EL CAJON POLICE OFFICE;              **[Doc. No. 18]**
     DENISE JOHNSON, Supervisor,
17   El Cajon Police Officers,
                                  Defendants.
18

19        Plaintiff, proceeding pro se and *in forma pauperis* ("IFP") with a Second Amended civil

20   rights Complaint ("SAC") filed pursuant to 42 U.S.C. § 1983, and currently incarcerated at

21   California Rehabilitation Center ("CRC") in Norco, California, has submitted an ex parte Motion

22   for Appointment of Counsel pursuant to 28 U.S.C. § 1915(e)(1) [Doc. No. 18].

23        Plaintiff requests appointment of counsel because he is indigent, and thus, is "unable to

24   afford counsel." (Pl.'s Mot. at 1.) Plaintiff further requests the appointment of counsel "so that

25   [his] interests may be protected by ... professional assistance." (*Id.*)

26        "There is no constitutional right to appointed counsel in a § 1983 action." *Rand v.*

27   *Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (citing *Storseth v. Spellman*, 654 F.2d 1349, 1353

28   (9th Cir. 1981)); *see also Hedges v. Resolution Trust Corp. (In re Hedges)*, 32 F.3d 1360, 1363

(9th Cir. 1994) ("[T]here is no absolute right to counsel in civil proceedings.") (citation omitted). Thus, federal courts do not have the authority "to make coercive appointments of counsel." *Mallard v. United States District Court*, 490 U.S. 296, 310 (1989); *see also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995).

Districts courts have discretion, however, pursuant to 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent indigent civil litigants upon a showing of "exceptional circumstances." *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Rand*, 113 F.3d at 1525. "A finding of the exceptional circumstances of the plaintiff seeking assistance requires at least an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" *Agyeman*, 390 F.3d at 1103 (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)); *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

Plaintiff first requests the appointment of counsel because he cannot afford to hire an attorney. *See* Pl.'s Mot. at 1. While indigence is one prerequisite to any request for appointment of counsel, under section 1915(e)(1), Plaintiff must also plead facts which show he has an insufficient grasp of his case or the legal issue involved and an inadequate ability to articulate the factual basis of his claim. *Id.* Plaintiff has not made such a showing. In fact, this Court has already determined that Plaintiff's pro se SAC alleges excessive force claims sufficient to survive the initial screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and has directed the U.S. Marshal to effect service on Plaintiff's behalf. (*See* June 12, 2007 Order [Doc. No. 14] at 5.) Moreover, Plaintiff's claims of excessive force against El Cajon parole officials are not particularly "complex" or unique. *Cf. Agyeman*, 390 F.3d at 1103.

Second, while Plaintiff claims his case would benefit from "professional assistance," (Pl.'s Mot. at 1), the Court agrees that any pro se litigant "would be better served with the assistance of counsel." *Rand*, 113 F.3d at 1525 (citing *Wilborn*, 789 F.2d at 1331). However, so long as a pro se litigant, like Plaintiff in this case, is able to "articulate his claims against the relative complexity of the matter," the "exceptional circumstances" which might *require* the appointment of counsel do not exist. *Id.* (finding no abuse of discretion under 28 U.S.C.

1  § 1915(e) when district court denied appointment of counsel despite fact that pro se prisoner

2  "may well have fared better-particularly in the realms of discovery and the securing of expert

3  testimony.").

4       **Conclusion and Order**

5       For the reasons set forth above, the Court **DENIES** without prejudice Plaintiff's ex parte

6  Motion for Appointment of Counsel pursuant to 28 U.S.C. § 1915(e)(1) [Doc. No. 18].

7       **IT IS SO ORDERED.**

8

9  DATED:  July 10, 2007

10       **WILLIAM Q. HAYES**
     United States District Judge