UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TEDDY LEROY WILSON, Jr., CDCR #78443,<br><br>                Plaintiff,<br>v.<br><br>ISMAEL BRIZYELA, et al.,<br><br>                Defendants. | Case No. 06cv2420-WQH (BLM)<br><br>**ORDER DENYING MOTION REQUESTING ASSISTANCE OF COUNSEL**<br><br>**[Doc. No. 31]** |

On August 3, 2007, Plaintiff, who is proceeding *pro se* and *in forma pauperis* with a Second Amended Complaint brought pursuant to 42 U.S.C. § 1983, filed a motion requesting assistance of counsel.[1]  Doc. No. 31. Plaintiff previously requested counsel in this case, but the district judge denied his request on July 10, 2007, finding that Plaintiff had failed to demonstrate the requisite "exceptional circumstances" to justify appointment of counsel.  Doc. No. 22.

---

[1] Since Plaintiff did not specify under what authority he seeks counsel, the Court presumes Plaintiff relies upon 28 U.S.C. § 1915(e)(1). This section provides that "[t]he court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1).

As correctly explained in the district judge's July 10, 2007 order, "[t]here is no constitutional right to appointed counsel in a § 1983 action." Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997) (citing Storseth v. Spellman, 654 F.2d 1349, 1353 (9th Cir. 1981)); see also Hedges v. Resolution Trust Corp. (In re Hedges), 32 F.3d 1360, 1363 (9th Cir. 1994) ("there is no absolute right to counsel in civil proceedings"). Thus, federal courts do not have the authority "to make coercive appointments of counsel." Mallard v. United States District Court, 490 U.S. 296, 310 (1989); see also United States v. $292,888.04 in U.S. Currency, 54 F.3d 564, 569 (9th Cir. 1995) ("Appointment of counsel under [28 U.S.C. § 1915] is discretionary, not mandatory").

District courts have discretion, however, pursuant to 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent indigent civil litigants upon a showing of "exceptional circumstances." Agyeman v. Corrections Corp. of America, 390 F.3d 1101, 1103 (9th Cir. 2004). "A finding of the exceptional circumstances of the plaintiff seeking assistance requires at least an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" Id. at 1103 (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)).

In the instant request, Plaintiff explains that he requires counsel to conduct legal research for him because the prison law library is closed and no one has been able to tell him when it will reopen. Doc. No. 31. Additionally, Plaintiff claims that his requests to have legal materials brought to him have been denied. Id. Plaintiff believes these circumstances demonstrate the requisite "exceptional circumstances" to justify appointment of counsel. Id.

1    The Court disagrees.  Plaintiff has not provided any evidence
2 showing that the law library has, in fact, been closed.  Nor has he
3 offered any showing aside from the unsworn allegation in his motion that
4 the library has denied his requests to have legal materials delivered to
5 him.  Indeed, in his concurrently filed "Motion Requesting Extension of
6 Time to Respond," Plaintiff admitted that the librarian told him that if
7 he sent a request naming specifically what he needed, she would
8 photocopy that material and mail it back to him.  Doc. No. 29.  This
9 belies Plaintiff's assertion that the library will not provide him with
10 legal materials.  Accordingly, the Court concludes that Plaintiff has
11 failed to demonstrate that he has been denied access to legal materials
12 and that he, therefore, cannot articulate his claims.  See Agyeman, 390
13 F.3d at 1103.

14    For the foregoing reasons, the Court find that Plaintiff has not
15 alleged the requisite "exceptional circumstances" and hereby **DENIES**
16 Plaintiff's Motion Requesting Assistance of Counsel [Doc. No. 31].

17    **IT IS SO ORDERED.**

18 DATED:  August 9, 2007

*(signature)*

BARBARA L. MAJOR
United States Magistrate Judge

24 COPY TO:

25 HONORABLE WILLIAM Q. HAYES
U.S. DISTRICT JUDGE

26 ALL COUNSEL