UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TEDDY LEROY WILSON, Jr., CDCR #78443,<br><br>　　　　　　Plaintiff,<br>v.<br><br>ISMAEL BRIZYELA, et al.,<br><br>　　　　　　Defendants. | Case No. 06cv2420-WQH (BLM)<br><br>**ORDER DENYING THIRD MOTION REQUESTING ASSISTANCE OF COUNSEL**<br><br>**[Doc. No. 37]** |

　　On September 25, 2007, Plaintiff filed his third request for assistance of counsel. The district judge denied his first request on July 10, 2007, finding that Plaintiff had failed to demonstrate the requisite "exceptional circumstances" to justify appointment of counsel. Doc. No. 22. This Court denied his second request on the same grounds on August 9, 2007. Doc. No. 33. Specifically, this Court concluded that Plaintiff had failed to demonstrate that he had been denied access to legal materials, as he claimed, and therefore determined that Plaintiff had not alleged the requisite "exceptional circumstances." Id.

///

1       In the instant request, Plaintiff once again contends that he has been denied access to legal materials. Doc. No. 37. He presents evidence showing that the prison library has been closed for months and explains that the prison library did not reopen until the day before he was released from custody. Id. The residential treatment facility at which he now resides does not have a library and he is not allowed to leave the facility. Id. Plaintiff submitted a letter from the executive director of the facility, which confirms that Plaintiff entered the program on September 19, 2007, and will not be allowed to leave the facility for personal reasons (such as to go to a law library) for the first sixty days. Id.

        As explained in the district judge's order and this Court's prior order, "[t]here is no constitutional right to appointed counsel in a § 1983 action." Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997) (citing Storseth v. Spellman, 654 F.2d 1349, 1353 (9th Cir. 1981)); see also Hedges v. Resolution Trust Corp. (In re Hedges), 32 F.3d 1360, 1363 (9th Cir. 1994) ("there is no absolute right to counsel in civil proceedings"). Thus, federal courts do not have the authority "to make coercive appointments of counsel." Mallard v. United States District Court, 490 U.S. 296, 310 (1989); see also United States v. $292,888.04 in U.S. Currency, 54 F.3d 564, 569 (9th Cir. 1995) ("Appointment of counsel under [28 U.S.C. § 1915] is discretionary, not mandatory").

        District courts have discretion, however, pursuant to 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent indigent civil litigants upon a showing of "exceptional circumstances." Agyeman v. Corrections Corp. of America, 390 F.3d 1101, 1103 (9th Cir. 2004). "A finding of the exceptional circumstances of the plaintiff seeking assistance requires at least an evaluation of the likelihood of the

plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" Id. at 1103 (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Plaintiff has not argued that he is unable to articulate his claims, other than to the extent he claims he has been deprived of access to legal materials, and the Court's review of Plaintiff's filings confirms that he is able to articulate his claims. Moreover, to alleviate the access issue, this Court has, by separate order, granted Plaintiff an extension of time in which to file his opposition so that he may utilize a law library after the conclusion of the initial sixty day period of confinement at the residential treatment facility. Thus, the Court finds that Plaintiff has failed to allege the requisite "exceptional circumstances." Accordingly, the Court hereby **DENIES** Plaintiff's Motion Requesting Assistance of Counsel [Doc. No. 37].

**IT IS SO ORDERED.**

DATED: October 3, 2007

BARBARA L. MAJOR
United States Magistrate Judge

COPY TO:

HONORABLE WILLIAM Q. HAYES
U.S. DISTRICT JUDGE

ALL COUNSEL