1

2

3

4

5

6

7

8

9                    UNITED STATES DISTRICT COURT

10                  SOUTHERN DISTRICT OF CALIFORNIA

11

12  TEDDY LEROY WILSON, Jr., CDCR    )   Case No. 06cv2420-WQH (BLM)
    #78443,                          )
13                                   )   **REPORT AND RECOMMENDATION FOR**
                    Plaintiff,       )   **ORDER GRANTING IN PART AND**
14  v.                               )   **DENYING IN PART DEFENDANTS'**
                                     )   **MOTION TO DISMISS**
15  ISMAEL BRIZYELA, et al.,         )
                                     )   **[Doc. No. 25]**
16                  Defendants.      )
                                     )
17  _____      )

18        This Report and Recommendation is submitted to United States

19  District Judge William Q. Hayes pursuant to 28 U.S.C. § 636(b) and Civil

20  Local Rules 72.1(c) and 72.3(f) of the United States District Court for

21  the Southern District of California.

22        On November 1, 2006, Plaintiff Teddy Leroy Wilson, Jr., who is

23  proceeding *pro se* and *in forma pauperis*, filed this civil rights suit

24  against several defendants under 42 U.S.C. § 1983.  Doc. No. 1.  The

25  district judge *sua sponte* screened and dismissed his Complaint and

26  subsequent First Amended Complaint and Plaintiff ultimately filed a

27  Second Amended Complaint [Doc. No. 13].  The district judge *sua sponte*

28  screened the Second Amended Complaint and dismissed without leave to

amend all but Plaintiff's excessive force claims asserted in Count 2 of his Second Amended Complaint.  Doc. No. 14.

On July 18, 2007, Defendants Hector Rubio and Ismael Brizuela, the only defendants remaining in the case, filed a motion to dismiss the Second Amended Complaint on Eleventh Amendment immunity grounds.  Doc. No. 25.  After requesting and receiving several extensions of time to respond, Plaintiff filed a timely opposition.  Doc. No. 44.  Defendants filed a reply on January 29, 2008.  Doc. No 45.

This Court finds the issue appropriate for decision on the papers pursuant to Civil Local Rule 7.1.(d)(1).  <u>See</u> Doc. No. 42.  The Court has considered the Second Amended Complaint ("SAC"), Defendants' Motion to Dismiss, Plaintiff's Opposition, Defendants' Reply and all supporting documents submitted by the parties.  For the reasons set forth below, this Court **RECOMMENDS** that Defendants' Motion to Dismiss [Doc. No. 25] be **GRANTED IN PART AND DENIED IN PART.**

<u>**BACKGROUND**</u>[1]

Plaintiff claims Defendants Ismael Brizuela and Hector Rubio, both parole officers in the El Cajon parole office, used excessive force against him in violation of the Constitution after he already had been discharged from parole.  SAC at 8[2].  Specifically, Plaintiff explains that on March 17, 2006, Officers Brizuela and Rubio stopped his car while he was driving home from his drug treatment program.  <u>Id.</u> According to Plaintiff, when he exited the car, an unknown man pointed

---

[1]     The instant facts are those from the SAC pertaining to claims that survived the district judge's final screening on June 12, 2007.

[2]     For ease of reference, the Court relies on the page numbering at the top of the SAC, which was affixed by the Court's electronic filing system.

1  a gun at him and then Officers Brizuela and Rubio "attacked" him, forced

2  his hands behind his back, pushed him to the ground, punched him in the

3  face, sprayed him with something, punched him again, kicked him, then

4  put him in handcuffs and leg chains. <u>Id.</u> at 8-9.  They allegedly told

5  him during this struggle that they just wanted to talk to him, but

6  wanted him to be handcuffed first.  <u>Id.</u>  Plaintiff claims he was never

7  told he was being placed under arrest, but he was taken to the El Cajon

8  parole office and talked to before being released.  <u>Id.</u> at 9-10.

9      In his SAC, Plaintiff seeks an injunction preventing the officers

10  from retaliating against Plaintiff for filing the instant action and

11  $7,000,000.00 in punitive damages.  <u>Id.</u> at 17.

12                              **<u>DISCUSSION</u>**

13      Defendants seek dismissal of Plaintiff's SAC on the ground that

14  they are immune from liability under the Eleventh Amendment because

15  Plaintiff's claims for monetary damages were brought against them solely

16  in their official capacities.  Defs.' Mem. at 1-2.  In response,

17  Plaintiff points out that he, in fact, sued Defendants in both their

18  official and individual capacities, as reflected on page two of his SAC

19  where he checked the boxes for both individual and official capacities

20  for each officer.[3]  Pl.'s Opp'n at 1.

21      It is well established that the Eleventh Amendment bars a

22  prisoner's § 1983 claims for monetary damages against state actors sued

23  in their official capacities.  <u>See</u> <u>Will v. Michigan Dep't of State</u>

24  <u>Police</u>, 491 U.S. 58, 66, 71 (1989) (emphasizing that the amendment

25  prohibits damages actions against the "official's office," in other

26

27       [3]    Plaintiff utilized the standardized section 1983 complaint form provided

28  by the Southern District of California.

                                  3                          06cv2420-WQH (BLM)

1   words, actions that are in reality suits against the state itself,
2   rather than its individual officials); Pena v. Gardner, 976 F.2d 469,
3   472 (9th Cir. 1992). Thus, to the extent Plaintiff sued Defendants in
4   their official capacities seeking monetary damages as a remedy for his
5   excessive force claims, his claims are barred by the Eleventh Amendment
6   and must be dismissed.

7       However, it is equally well-established that the Eleventh Amendment
8   does not bar damage actions against state officials sued in their
9   personal capacities. Hafer v. Melo, 502 U.S. 21, 30-31 (1991). A
10  personal capacity suit is one in which the plaintiff seeks to impose
11  individual liability upon a government officer for actions taken under
12  color of state law. Id. at 25.

13      While Defendants argue essentially that it is immaterial that
14  Plaintiff checked the "individual capacity" box because he wrote "in
15  their official capacity" within his description of the his excessive
16  force claims (see Def.'s Reply at 1-2), the Court disagrees. Where a
17  section 1983 plaintiff is proceeding pro per and in forma pauperis, the
18  Court has a duty to construe his complaint liberally in determining the
19  capacity in which the defendants are being sued. Ashker v. California
20  Dept. of Corr., 112 F.3d 392, 395 (9th Cir. 1997). Moreover, the Ninth
21  Circuit repeatedly has held that "a section 1983 suit against state
22  actors necessarily implies a suit against the defendants in their
23  personal capacities." Cerrato v. San Francisco Cmty. Coll. Dist., 26
24  F.3d 968, 973 n.16 (9th Cir. 1994). In this case, Plaintiff specified
25  clearly in his SAC that he intended to sue Defendants in their
26  individual capacities, that he was seeking to hold Defendants liable for
27  actions they took "under color of law" and that he was seeking monetary
28  damages. See SAC at 2, 8, 13, 17. Because Plaintiff is proceeding both

4

1  *pro per* and *in forma pauperis*, the Court finds these allegations
2  sufficient to sustain his SAC against Defendants in their individual or
3  personal capacities.  See <u>Ashker</u>, 112 F.3d at 395.

4      Accordingly, this Court **RECOMMENDS** that Defendants' Motion to
5  Dismiss be **GRANTED IN PART AND DENIED IN PART.**

6                            <u>**CONCLUSION**</u>

7      For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that the
8  District Court issue an Order: (1) approving and adopting this Report
9  and Recommendation, (2) granting Defendants' Motion to Dismiss as to
10 Plaintiff's claims for damages against Defendants in their official
11 capacities, and (3) denying Defendants' Motion to Dismiss as to
12 Plaintiff's claims for damages against Defendants in their individual
13 capacities.

14     **IT IS HEREBY ORDERED** that any written objections to this Report
15 must be filed with the Court and served on all parties **no later than**
16 **February 14, 2008**.  The document should be captioned "Objections to
17 Report and Recommendation."

18     **IT IS FURTHER ORDERED** that any reply to the objections shall be
19 filed with the Court and served on all parties **no later than February**
20 **28, 2008.**  The parties are advised that failure to file objections
21 within the specified time may waive the right to raise those objections
22 on appeal of the Court's order.  See <u>Turner v. Duncan</u>, 158 F.3d 449, 455
23 (9th Cir. 1998).

24 DATED:  January 30, 2008

25

26                              BARBARA L. MAJOR
                               United States Magistrate Judge
27

28

                                    5                        06cv2420-WQH (BLM)

1   COPY TO:

2   HONORABLE WILLIAM Q. HAYES
    U.S. DISTRICT JUDGE
3
    ALL COUNSEL
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

06cv2420-WQH (BLM)